People v Palmer (2018 NY Slip Op 08078)





People v Palmer


2018 NY Slip Op 08078


Decided on November 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2018

Friedman, J.P., Mazzarelli, Kern, Oing, Singh, JJ.


7705 1983/00

[*1]The People of the State of New York, Respondent,
v
Devrol Palmer, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Will A. Page of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Waleska Suero Garcia of counsel), for respondent.



Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about January 27, 2016, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court properly exercised its discretion when it declined to grant a downward departure (see People v Gillotti, 23 NY3d 841 [2014]). The mitigating factors cited by defendant were outweighed by the seriousness of the continuing offense against a young child over the course of years (see e.g. People v Lopez, 146 AD3d 477 [1st Dept 2017], lv denied 29 NY3d 904 [2017]). Defendant's favorable prison disciplinary record and completion of sex offender treatment were adequately taken into account by the risk assessment instrument's assessment of zero points for conduct while confined (see People v Watson, 112 AD3d 501, 503 [1st Dept 2013], lv denied 22 NY3d 863 [2014]) and acceptance of responsibility (see People v McNeely, 124 AD3d 433 [1st Dept 2015], lv denied 25 NY3d 908 [2015]). We reject defendant's argument that his deportation to Jamaica minimized the risk of reoffense (see e.g. People v Zepeda, 124 AD3d 417 [1st Dept 2015], lv denied 25 NY3d 902 [2015]). Defendant has not established that his score on the Static-99R warranted a downward departure (see People v Roldan, 140 AD3d 411, 412 [1st Dept 2016], lv denied 28 NY3d 904 [2016]).
Defendant failed to preserve his contention that the requirement of in-person reporting is inapplicable to him because of his deportation, and we decline to review it in the interest of justice. In any event, that argument is based on hypothetical future events, and it is not cognizable on this appeal.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 27, 2018
CLERK